Sekul v New York State Div. of Human Rights
2026 NY Slip Op 02843
May 6, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Christopher P. Sekul, petitioner,
v
New York State Division of Human Rights, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 6, 2026
2021-07444, (Index No. 51944/21)
Mark C. Dillon, J.P.
Linda Christopher
Barry E. Warhit
Carl J. Landicino, JJ.

Tully Rinckey PLLC, Albany, NY (Allen A. Shoikhetbrod of counsel), for petitioner.
Drake Loeb PLLC, New Windsor, NY (Adam L. Rodd of counsel), for respondents.

[*1]
DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 and CPLR article 78 to review a determination of the Commissioner of the New York State Division of Human Rights dated March 25, 2021. The determination adopted the findings and recommendation of an administrative law judge dated April 23, 2020, made after a hearing, finding, inter alia, that the petitioner did not establish that the respondent City of Poughkeepsie engaged in discriminatory practices relating to employment in violation of Executive Law § 296, and dismissed the petitioner's administrative complaint.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
On February 9, 2018, the petitioner, a former firefighter, filed an administrative complaint with the New York State Division of Human Rights (hereinafter the SDHR) charging his former employer, the respondent City of Poughkeepsie, with employment discrimination on the basis of age, disability, and sex. The administrative complaint also alleged that the City created a hostile work environment and retaliated against the petitioner in violation of the New York State Human Rights Law (Executive Law § 296). On April 23, 2020, after a hearing, an administrative law judge (hereinafter ALJ) made certain findings and a recommendation that the administrative complaint be dismissed. In a determination dated March 25, 2021, the Commissioner of the SDHR adopted the ALJ's findings and recommendation and dismissed the administrative complaint. Thereafter, the petitioner commenced this proceeding pursuant to Executive Law § 298 and CPLR article 78 to review the SDHR's determination. The Supreme Court transferred the proceeding to this Court pursuant to Executive Law § 298 and, in effect, CPLR 7804(g).
The SDHR correctly concluded that certain acts alleged in the administrative complaint were time-barred. Prior to its 2023 amendment, effective February 15, 2024, Executive Law § 297(5) provided that the statute of limitations for a complaint made to the SDHR pursuant to the Human Rights Law was one year (see 130-10 Food Corp. v New York State Div. of Human Rights, 166 AD3d 962, 964). "The provision that a complaint 'must' be filed within one year after the discriminatory practice has occurred is in the nature of a statute of limitations and, thus, is mandatory" (Julian v Fire Dept. of City of N.Y., 191 AD3d 676, 678 [internal quotation marks [*2]omitted], quoting Matter of Murphy v Kirkland, 88 AD3d 267, 273). Because the petition was filed with the SDHR on February 9, 2018, all alleged discrete acts of discrimination occurring prior to February 9, 2017, are time-barred.
Contrary to the petitioner's contention, the continuing violation doctrine does not apply to his claims related to alleged acts and events transpiring prior to February 9, 2017. "[U]nder the 'continuing violation' doctrine, even though [certain] acts might have occurred outside of the limitations period, [a] claim will be considered to be timely as long as one of the acts occurred within the limitations period" (Matter of Lozada v Elmont Hook & Ladder Co. No. 1, 151 AD3d 860, 861, quoting National Railroad Passenger Corporation v Morgan, 536 US 101, 117-118). "[A] continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice" (id. at 861-862). Here, the administrative complaint alleged two discrete events of discipline in 2015 and an incident in January 2016 where the petitioner was assigned to work in an unheated room in the firehouse that was also used by other employees, which was quickly remedied. The petitioner failed to establish that those events, which occurred outside of the limitations period, were related to any of the alleged acts of discrimination that occurred within the one-year statute of limitations period or that they were the result of "specific ongoing discriminatory policies or practices" (Matter of Lozada v Elmont Hook & Ladder Co. No. 1, 151 AD3d at 860-861 [internal quotation marks omitted]; see National Railroad Passenger Corporation v Morgan, 536 US at 114).
"Judicial review of [the SDHR's] determination made after a hearing is limited to consideration of whether substantial evidence supports the agency determination" (Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331; see Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d 898, 899). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d at 331 [internal quotation marks omitted]; see Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d 898, 899). "Courts may not weigh the evidence or reject [the SDHR's] determination where the evidence is conflicting and room for a choice exists" (Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d at 331; see Matter of Leippe v Gerald J. Wilkoff, Inc., 157 AD3d 797, 798 [internal quotation marks omitted]).
There is substantial evidence in the record to support the SDHR's determination that the petitioner failed to establish, prima facie, that he was discriminated against on the basis of age, disability, and sex (see Cotterell v State of New York, 129 AD3d 653, 654; Grillo v New York City Transit Auth., 291 F3d 231, 235). The petitioner failed to demonstrate that similarly situated people who did not share his age, disability, or sex were treated more favorably than he was treated (see Matter of Washington County v New York State Div. of Human Rights, 7 AD3d 895, 896; see generally Acala v Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 222 AD3d 706, 708; Brown v City of New York, 188 AD3d 518, 519). The petitioner also failed to demonstrate that circumstances existed that would give rise to an inference of discrimination on the basis of age, disability, or sex (see Moscatelli v Woodbury Med. Practice, P.C., 241 AD3d 1453; Acala v Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 222 AD3d at 708). Although the petitioner was served with three notices of charges between April 2017 and February 2018, the record contains substantial evidence that the charges were based wholly upon the petitioner's misconduct rather than discriminatory animus (see Scott v City of New York, 233 AD3d 456, 456).
"A hostile work environment exists where the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" (La Marca-Pagano v Dr. Steven Phillips, P.C., 129 AD3d 918, 919 [internal quotation marks omitted]; see Golston-Green v City of New York, 184 AD3d 24, 41). Here, there is substantial evidence in the record to support the SDHR's determination that the petitioner failed to establish a prima facie case with respect to his claim that he was subjected to a hostile work environment (see Golson-Green v City of New York, 184 AD3d at 41; Grovesteen v New York State Pub. Empls. Fedn., AFL-CIO, 83 [*3]AD3d 1332, 1333-1334).
A retaliation claim is analyzed under a burden-shifting framework (Matter of Clifton Park Apts., LLC v New York State Div. of Human Rights, 41 NY3d 326, 331). "Under this approach, [the petitioner] bears the burden to establish a prima facie retaliation claim" (id.). "The burden then shifts to the employer to rebut the presumption of discrimination by clearly setting forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons to support its employment decision" (Ferrante v American Lung Assn., 90 NY2d 623, 629 [internal quotation marks omitted]). If the employer meets its burden, then the burden shifts back to the petitioner "to prove that the legitimate reasons proffered by [the employer] were merely a pretext for discrimination" (id.). Although the SDHR found that the petitioner established a prima facie case of retaliation by showing, inter alia, that he received a notice of charges just five days after filing a charge with the Equal Employment Opportunity Commission (hereinafter the EEOC), the SDHR's determination that the City rebutted the petitioner's prima facie case of retaliation with a legitimate, nondiscriminatory, or nonretaliatory reason for the challenged actions was supported by substantial evidence (see Matter of Osorio v New York State Div. of Human Rights, 236 AD3d 1472, 1474; Reichman v City of New York, 179 AD3d 1115, 1120). Among other things, the notice of charges received by the petitioner shortly after the filing of the EEOC charge was drafted before the EEOC charge was filed and indicated that it was based on conduct that allegedly occurred before the EEOC charge was pursued. The SDHR's conclusion that the petitioner failed to show that the reasons given by the City were merely a pretext for unlawful retaliation was also supported by substantial evidence (see Matter of Osorio v New York State Div. of Human Rights, 236 AD3d at 1474; Reichman v City of New York, 179 AD3d at 1120).
The petitioner's remaining contentions are without merit.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court